UNITED STATES DISTRCIT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HAIGH, IV,

        Plaintiff,                CASE NUMBER: 12-10867
                                        HONORABLE VICTORIA A. ROBERTS

v.

ORLANS ASSOCIATES, P.C., U.S.
BANK NATIONAL ASSOCIATION, and
CHASE HOME FINANCE, LLC.

        Defendants.
_____/

**<u>ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS</u>**

**I.    INTRODUCTION**

This matter is before the Court on motions to dismiss filed by JPMorgan Chase Bank, N.A. ("Chase"), as successor to Chase Home Finance, LLC, and U.S. Bank National Association ("U.S. Bank"), and by Orlans Associates, P.C. (collectively, "Defendants") (Docs. 7, 8). Plaintiff responded to the motions (Docs. 11, 12), and Defendants replied (Docs. 13,14). The Court finds that the legal arguments and factual allegations are sufficiently set forth in the motion papers; oral argument is unnecessary. Accordingly, the Court decides Defendants' motions on the briefs. *See* L.R. 7.1(f)(2).

Defendants' motions to dismiss are **GRANTED**.

**II.    BACKGROUND**

This case involves real property at 1189 Chemung Drive, Howell, Michigan, 48843 (the "Property"). On April 21, 2006, Plaintiff entered into a mortgage with

1

Flexpoint Funding Corporation ("Flexpoint") for $159,000.  On April 28, 2006, Flexpoint assigned Plaintiff's mortgage and note to New Century Mortgage Corporation ("New Century").  On May 28, 2007, New Century assigned the mortgage and note to U.S. Bank, as Trustee for J.P. Morgan Mortgage Acquisition Trust (the "Trust").  On that same day, Chase became servicer of the loan.

Plaintiff experienced financial difficulties in 2009.  On July 2, 2009, he received a letter from Chase informing him that he was in default on the loan.   Plaintiff failed to cure, and Chase referred the matter to the law firm of Orlans to initiate foreclosure by advertisement proceedings.  On April 22, 2010, Plaintiff received a letter from Orlans notifying him that the default amount on his mortgage was $12,501.66, and that Orlans was beginning proceedings to foreclose the mortgage.

Notices of foreclosure were published in the Livingston County Press & Argus Newspaper on June 8, June 15, June 22, and June 29, 2010.  An agent of Orlans, Ann Oshust, executed an affidavit stating that she posted notice of the foreclosure on the Property on June 9, 2010.  Plaintiff denies that notice was ever posted.

On June 1, 2011, the Property was sold at a sheriff's sale.  The Trust purchased the Property through U.S. Bank for $59,860.30.  The statutory redemption period expired on February 1, 2012.  Plaintiff did not redeem the Property within the redemption period.

Plaintiff filed the Complaint on January 30, 2012 -- two days before the redemption period expired.  The Complaint alleges seven claims: (1) Count I - Quiet Title; (2) Count II - Unjust Enrichment; (3) Count III - Innocent/ Negligent Misrepresentation; (4) Count IV - Fraud - Silent Fraud & Bad Faith Promises; (5) Count

2

V - Constructive Trust; (6) Count VI - Breach of MCL 600.3205c; (7) Count VII - Deceptive Act and/or an Unfair Practice. Plaintiff seeks unspecified damages and an order setting aside the sheriff's sale and granting him title to the Property.

Defendants moved to dismiss the entire Complaint. Defendants primarily argue that (1) Plaintiff lacks standing to challenge the foreclosure because the redemption period has expired, and (2) Plaintiff does not state a claim upon which relief can be granted.

## III. ANALYSIS

### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Aschcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than mere labels and conclusions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling on a motion to dismiss, the court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of

which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). Here, the Court considered documents relating to the mortgage and the foreclosure which are referenced in the Complaint and central to Plaintiff's claims.

In addition, a complaint may be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the plaintiff lacks standing. Standing is a threshold jurisdictional question that must be resolved in Plaintiffs' favor before the Court may proceed to the merits. *Steel Company v. Citizens for a Better Envt.*, 523 U.S. 83, 88-89 (1998). The plaintiff has the burden to prove jurisdiction. *Martinez v. Dep't of Homeland Sec.*, 502 F.Supp. 2d. 631, 632 (E.D. Mich. 2007). A Rule 12(b)(1) motion will be granted if "taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim." *Id.*

### B. Count I - Quiet Title

Count I, Quiet Title, seeks to void the sheriff's sale and acquire title to the Property. The gist of Plaintiff's claim seems to be that there were defects in the foreclosure proceeding that render it void. Specifically, Plaintiff alleges that "[n]o 'Notice of Mortgage Foreclosure' was annexed to [his] residential property in a conspicuous place by attaching the same in any manner at any time." Ver. Compl. ¶ 35. Defendants say that Plaintiff does not have standing to assert this claim because any rights he had in the property were extinguished when the redemption period expired on February 1, 2012.

The Court does not agree with Defendants that Plaintiff lacks standing, but finds

that Plaintiff does not state a plausible claim for relief.

In order for a federal court to exercise jurisdiction, a plaintiff must have standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.")). The "irreducible constitutional minimum" of standing requires the plaintiff to establish three elements: (1) "an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of," often referred to as traceability; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision," known as redressability. *Lujan*, 504 U.S. at 560-61 (internal citations and quotations omitted). Redressability, the only prong at issue here, requires "a likelihood that the requested relief will address the alleged injury." *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008).

Following a foreclosure, the rights and obligations of the parties are controlled by statute. *Senters v. Ottawa Savings Bank*, 503 N.W.2d 639, 642 (Mich. 1993). After a sheriff's sale, a mortgagor is entitled to a period of time in which to redeem the property. M.C.L. § 600.3240(1). At the expiration of the statutory redemption period, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id.* § 600.3236. At the same time, a mortgagor who fails to redeem loses all rights in the property. *See Sembly v. U.S. Bank NA*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.); *see also Salman v. U.S. Bank NA*, No. 11-10253, 2011 WL 4945845 (E.D. Mich. Oct. 18, 2011) (collecting cases). Thus,

"the redemption period generally serves as a mortgagor's last chance to avoid losing [his or her] home after a valid foreclosure sale." *Sembly*, 2012 U.S. Dist. LEXIS 1440 at *4.

Defendant says that because the redemption period expired on February 1, 2012, Plaintiff cannot now assert any rights in the Property. Defendant is correct in stating that Plaintiff's title was extinguished when the redemption period expired. *Id.* However, the Court has the power to set aside a foreclosure sale upon "a clear showing of fraud or irregularity." *Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. 2009); *see also United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997) ("Michigan courts have long held that statutory foreclosures should not be set aside without very good reason and, thus, have placed the burden of proof upon the party who attempts to impeach them. The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.") (internal citations omitted). Because the Court may redress Plaintiff's alleged injury upon a strong showing of fraud or irregularity, Plaintiff has standing.

That said, the alleged defects Plaintiff raises do not rise to the level of fraud, irregularity, or exigency to warrant setting aside the sale. Plaintiff waited until two days before the expiration of the redemption period to file his Complaint, and he made no effort to redeem the Property. The only defect he alleges is that notice of the foreclosure was not posted at the Property. Defendants dispute this though, and state that an affidavit attests that the notice was properly posted.

It appears Plaintiff is simply "trying to raise a collateral attack on the foreclosure

of the property." *Overton*, 2009 WL 1507342 at *1. Courts in this district have uniformly dismissed complaints alleging nearly identical facts. In *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276 at *4 (E.D. Mich. Nov. 1, 2011), the plaintiff sought to set aside a foreclosure based upon the bank's alleged failure to post notice of foreclosure at the property, or send notice to the mortgagor. Judge Cohn granted the bank's motion to dismiss and wrote:

> Here, even assuming plaintiff's allegations are true, which Wells Fargo disputes and counters with affidavits attesting that the notice was properly posted and plaintiff was told of his right to ask for a modification, these are insufficient to set aside the foreclosure. Moreover, plaintiff cannot show prejudice resulting from either alleged defect where he did not attempt to redeem the property and waited until days before the redemption period expired to challenge the sheriff's sale, and at no time requested a stay of the sale. Under these circumstances, plaintiff has not stated a plausible claim for relief related to any defect in the foreclosure proceedings. As defendants note, because the entire complaint raises claims related to the foreclosure proceedings, it is subject to dismissal on this ground.

A similar result was reached in *Nafso v. Wells Fargo Bank*, No. 11-10478, 2011 WL 1575372 (E.D Mich. April 26, 2011). The plaintiff alleged the same notice violations as those in *Galati*. The plaintiff argued that those defects made the foreclosure void. The court disagreed:

> Implicit in [plaintiff's] argument is the notion that these alleged defect are sufficient irregularities to void the foreclosure sale. He is mistaken . . . [E]ven assuming [plaintiff's] allegations are true, which Wells Fargo disputes and counters with affidavits attesting that the notice was properly posted and [plaintiff] was told of his right to ask for a modification, these are insufficient to set aside the foreclosure . . .Under these circumstances, [plaintiff] has not stated a claim for relief related to any defect in the foreclosure proceedings.
> *Id.* at *3.

In dismissing these complaints, courts rely on clear Michigan law holding that a defect in notice renders a foreclosure sale voidable, not void. *See Jackson Investment Corp. v. Pittsfield Products, Inc.*, 413 N.W.2d 99, 101 (Mich. Ct. App. 1987). Where, as

7

here, "it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property," the foreclosure will not be rescinded. *Id. See also Prince, LLC v. Metwest Mortgage Services*, No. 259446, 260021, 2006 WL 1084393 at *2 (Mich. Ct. App. 2006) (holding that failure to post notice of foreclosure on property was insufficient as matter of law to set aside sheriff's sale); *Ennis v. Wells Fargo Home Mortgage, Inc.*, No. 11-12413, 2012 WL 205847 at *2 (E.D. Mich. Jan. 24, 2012) ("Alluding to a failure to comply with the foreclosure by advertisement statute is an insufficient basis for interfering with a foreclosure sale when the redemption period has expired."); *Kanouno v. SunTrust Mortgage, Inc.*, No. 10-14724, 2011 WL 5984023 at *6 (E.D. Mich. Nov. 30. 2011) (same); *Adams v. Wells Fargo Bank*, No. 11-10150, 2011 WL 3500990 at *3 (E.D. Mich Aug. 10, 2011) ("Here, Plaintiff's allegations as to these [notice] defects do not rise to the level of a strong case of fraud or irregularity required to set aside the foreclosure sale.").

Plaintiff cannot show he was prejudiced by any alleged defect. Accordingly, Count 1 is dismissed. To the extent Plaintiff relies on his fraud claims to set aside the foreclosure, those arguments also fail for the reasons set forth below.

### C. Count II - Unjust Enrichment

The text comprising Count II of Plaintiff's Complaint is copied nearly identically from Count I. It bears little relation to a claim for unjust enrichment, and must be dismissed. *See Sembly*, 2012 U.S. Dist. LEXIS 1440 at *10-11 (Rosen, C.J.) (dismissing unjust enrichment claim in nearly identical case); *Matthews v. Mortgage*

8

*Electronic Registration System, Inc.*, No. 10-13740, 2011 WL 2560329 (E.D. Mich. April 5, 2011) (same). Plaintiff's Complaint pleads the elements of unjust enrichment in a conclusory fashion. Ver. Compl. ¶ 53. The allegations do not raise a plausible right to relief. Further, to the extent Plaintiff relies on notice defects to support this claim, it fails for the reasons stated above.

**D.    Counts III & IV - Innocent / Negligent Misrepresentation; Fraud**

Counts III and IV are fraud-based claims arising out of Defendants' failure to grant Plaintiff a loan modification. The gist of these claims is that Defendants made false statements to Plaintiff that they would enter into a loan modification and short sale to allow him to retain the Property, but that they intended to proceed with a sheriff's sale all along. These counts are dismissed for failure to meet the heightened pleading standard for fraud or mistake.

Federal Rule of Civil Procedure 9(b) requires that all fraud claims be pled with particularity. To meet the particularity requirements of Rule 9(b), the plaintiff must: (1) specify the statements that he contends are fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." *Smith v. Bank of America Corp.*, No. 10-14161, 2011 WL 653642 at *3 (E.D. Mich. Feb. 14, 2011) (citing *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008)). At a minimum, plaintiffs "must allege the time, place and contents of the misrepresentations upon which they relied." *Frank*, 547 F.3d at 570. The plaintiff must also allege why the statements were fraudulent. *Id.* "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant to answer, addressing in an informed way the plaintiff's claim of fraud."

9

*Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295 at *4 (E.D. Mich Feb 10., 2010). Where a party fails to meets its Rule 9(b) burden, dismissal is warranted.

### i. Innocent/Negligent Misrepresentation

As other judges in this district considering nearly identical complaints have observed, Plaintiff's third claim improperly conflates two distinct causes of action. *See See Sembly*, 2012 U.S. Dist. LEXIS 1440 at *12-13; *Smith*, 2011 WL 653642 at *3. "A claim of innocent misrepresentation is shown if a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the representation." *Unibar Maint. Serv., Inc. v. Saigh*, 769 N.W.2d 911, 919 (Mich .Ct. App. 2009). "A claim for negligent misrepresentation requires [a] plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Id.*

In support of this claim, Plaintiff says:

- Defendants made innocent and or negligent representations by promising that they would enter into loan modification and short sale to allow Plaintiff to keep his home.

- The representations were directed at Plaintiff and were false.

- Plaintiff would not have entered into the loan modification and short sale process had he known Defendants would not have consummated it.

As Judge Edmunds noted when faced with nearly identical language, these facts do not put Defendants on notice of the time, place, or contents of the alleged

misrepresentations.  *Smith*, 2011 WL 653642 at *4.  Plaintiffs do not even allege the bare minimum required under Rule 9(b).  Count III fails.

### ii. Fraud - Silent Fraud & Bad Faith Promises

Plaintiff also fails to meet the pleading requirements for his claim of silent fraud.  "[I]n order to prove a claim of silent fraud, a plaintiff must show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure."  *M&D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 39 (Mich. Ct. App. 1998).  Plaintiff falls well short of meeting this standard.

In support of the claim, Plaintiff states:

- Defendants failed to disclose to Plaintiff that they were going to proceed with a sheriff's sale.

- Defendants' representations were false, as Defendants never intended to enter into a loan modification agreement with Plaintiff.

- Plaintiff relied upon Defendants' assurances regarding loan modification.

- Defendants' failure to disclose certain facts caused Plaintiff to have a false impression, and Defendants knew or should have known that their failure to disclose these pertinent facts would create a false impression upon Plaintiff.

Again, this is nearly the exact language confronted by Judge Edmunds in *Smith*. *Smith*, 2011 WL 653642 at *4.  In dismissing the claim, she wrote: "Here, not only have Plaintiffs not satisfied the fraud pleading requirements, they also have not alleged facts that would support the element that Defendants had a legal or equitable duty to disclose

11

any supposed misrepresentation." *Id.*

The Court adopts Judge Edmunds' reasoning and dismisses Count IV.

### E. Count V - Constructive Trust

Plaintiff alleged a claim of constructive trust. A constructive trust is a remedy, not a cause of action. *See Gaymer Indus., Inc. v. Firstmerit Bank, N.A.*, 311 Fed.App'x 814 (6th Cir. 2009) (holding "there is no stand-alone claim for constructive trust; instead it is a *remedy* that can only be imposed where there is some ground . . . upon which equity will grant relief."); *see also Smith*, 2011 WL 653642 at *6; *Sembly,* 2012 U.S. Dist. LEXIS 1440 at *14. Accordingly, this claim is dismissed.

### F. Count VI - Breach of MCL 600.3205c

Section 600.3205c sets forth a process for mortgage loan modification. This claim fails because Plaintiff did not allege he met with a housing counselor, as required by the statute. *See Sembly*, 2012 U.S. Dist. LEXIS 1440 at *14. In addition, Plaintiff lacks standing to assert this claim. The only remedy to a mortgage holder if the bank initiates foreclosure proceedings in violation of the statute is to file an action to convert the proceedings to a judicial foreclosure. M.C.L. § 600.3205c(8). The statute does not authorize the court to set aside a foreclosure. *Adams*, 2011 WL 3500990 at *4. Thus, if Plaintiff were to get any relief under the statute, he needed to act before the foreclosure was completed. He did not do so, and now the redemption period has passed. Accordingly, Plaintiff's claim is not redressable, and he lacks standing. *Lujan*, 504 U.S. at 560-61 (redressability is the third prong of the standing inquiry).

### G. Count VII - Deceptive Act And/Or An Unfair Practice

Plaintiff's final claim alleges that Defendants' alleged "robo-signing" of affidavits constitutes a deceptive act or unfair trade practice. However, as Judge Rosen pointed out, there is no cause of action under Michigan law for a deceptive act or unfair practice. *Sembly*, 2012 U.S. Dist. LEXIS 1440 at *15. Nor does construing Plaintiff's claim as arising under the Michigan Consumer Protection Act ("MCPA") save it from dismissal; banks conducting residential loan transactions are not bound by the MCPA. *Id.* This claim is dismissed.

IV. CONCLUSION

The Court dismisses all claims in Plaintiff's Complaint. As Judge Rosen and Counsel for Defendant Orlans pointed out, several nearly identical complaints have been filed in this district, with no success. *Sembly*, 2012 U.S. Dist. LEXIS 1440 at *11 n.3; Def. Orlans Ass. Mot. To Dis., Doc. 8, p. 4. Perhaps it is time for plaintiff's lawyers to find a better model, or to stop bringing unmeritorious claims. Further, the Court invites Defendants in future cases - to put plaintiff's counsel on notice of potential Rule 11 sanctions before they file motions to dismiss.

Defendants' motions to dismiss are **GRANTED**.

**IT IS ORDERED.**

                                                 /s/Victoria A. Roberts
                                                 Victoria A. Roberts
                                                 United States District Judge

Dated: April 19, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 19, 2012.<br><br>S/Linda Vertriest<br>Deputy Clerk |